FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 05 2009  ★

LONG ISLAND OFFICE

Saul D. Zabell (SZ 2738)
**ZABELL & ASSOCIATES, P.C.**
4875 Sunrise Highway, Suite 300
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

BRIAN CASSIDY,

                                        Plaintiff,

        - against -

WALDBAUM, INC., d/b/a WALDBAUM'S

                                        Defendant.

# CV-09 2399
## SPATT, J.
### BOYLE, M.

**COMPLAINT**

Case No.:

**Jury Trial Demanded**

Plaintiff, **BRIAN CASSIDY**, by and through his attorneys, **ZABELL &
ASSOCIATES, P.C.**, complains and alleges as follows:

## I.    PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover declaratory, monetary and affirmative relief based upon
   Defendant's violations of the ADA Amendments Act of 2008 (hereinafter "ADAAA"), as
   amended, 42 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law (hereinafter
   "NYSHRL"), N.Y. Exec. Law § 296 *et seq.* (McKinney 1993 & 2001 supp.), and other
   appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2.  This court has jurisdiction over this action pursuant to 42 U.S.C. § 12117 and 28 U.S.C. §§ 1331, 1332 & 1337.

3.  This court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4.  This action properly lies in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred within this district.

5.  This court has power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6.  Plaintiff filed timely charges of discrimination with the New York State Division of Human Rights (hereinafter "NYSDHR") and cross-filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").  Plaintiff brings this action within ninety (90) days of the receipt of Dismissal and Notice of Rights, issued by the EEOC on May 15, 2009, a true and accurate copy of which is attached hereto as Exhibit "A".

## III. PARTIES

7.  Plaintiff, **BRIAN CASSIDY** (hereinafter "Plaintiff" or "Cassidy"), is a citizen of the State of New York presently residing at 309 Arnold Avenue, West Babylon, New York 11704.

8.  At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 12111(4), NYSHRL § 292(1), and a "person" within the meaning of § 292(1) of the NYSHRL.

9.  At all times relevant to the Complaint, Plaintiff is "disabled" within the meaning of 42 U.S.C. § 12102(2).

2

10. Upon information and belief, Defendant **WALDBAUM, INC. d/b/a WALDBAUM'S,** (hereinafter "Waldbaum's" or "Defendant") is a domestic business corporation operating in Suffolk County and maintaining a supermarket at 50 East Hoffman Avenue, Lindenhurst, New York 11757.

11. Upon information and belief, at all times relevant herein, Defendant has been an "employer" within the meaning of 42 U.S.C. § 12111(5), and Section 292(5) of the NYSHRL.

12. Upon information and belief, at all times relevant herein, Defendant employed 20 or more employees.

## IV. FACTS

13. Plaintiff repeats and realleges each and every allegation contained herein.

14. Plaintiff is a forty-seven (47) year old male who suffers from a developmental disability and diminished mental capacity.

15. In or about May 2005, Plaintiff commenced his employment with Defendant as a "cart person."

16. Plaintiff's job responsibilities included, but were not limited to, the collection of shopping carts in the parking lot, cleaning and maintaining the recycling machine area, returning cans to the recycling machines for Waldbaum's Customer Service employees, and performing general custodial functions.

17. During the course of Plaintiff's employment with Defendant, Plaintiff had a satisfactory attendance record and performed all the essential functions of his job position in a satisfactory manner.

18. During the term of Plaintiff's employment with Waldbaum's, he was discriminated against harassed based upon of his disabled status.

3

19. For example, Plaintiff was consistently denied work breaks and meal breaks while non-disabled employees had free access to such breaks.

20. When Plaintiff sought to take such work breaks, various department managers informed Plaintiff he was not allowed to take a break at that specific time, and was told that a menial task had to be performed before Plaintiff was eligible to take a break. The cumulative effect of these actions often caused Plaintiff to work shifts without taking any breaks at all.

21. Waldbaum's Front End Manager, Kelly Geraghty (hereinafter, "Geraghty"), often ignored Plaintiff and refused to talk to him during working hours while she was openly friendly to other, non-disabled employees.

22. During the course of Plaintiff's employment, former Store Managers John Brittonbecker and John Romanelli accused Plaintiff of stealing recyclable cans and the proceeds from can returns.

23. In or about 2007, Store Manager John Romanelli left the employ of Waldbaum's, but warned the incoming Store Manager, John Apollo, to "watch out for Brian, he's a thief."

24. As such, Plaintiff was targeted for surveillance during work hours while non-disabled employees were allowed to work freely without such scrutiny.

25. In or about June 2008, Waldbaum's Assistant Manager, Denise "Doe" often mimicked Plaintiff's manner of speech in front of other co-workers so that when she spoke, she sounded as if she too suffered from a developmental disability.

26. In or about July 2008, Geraghty once again accused Plaintiff of stealing recyclable cans during work hours, and terminated his employment.

27. Plaintiff protested his termination, and informed Geraghty that he returned his personal recyclable cans during non-work hours, and that all cans returned during work hours were

4

done at the specific direction of Waldbaum's Customer Service employees. Regardless of this information, Geraghty terminated Plaintiff.

28. Based upon the foregoing statements, Plaintiff was subjected to unlawful discrimination, and was denied equal employment.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Disability Discrimination – ADAAA)

29. Plaintiff repeats and realleges each and every allegation contained herein.

30. Defendant has discriminated against Plaintiff on the basis of his actual and perceived disability in violation of the ADA Amendments Act of 2008, by denying him reasonable employment accommodations in contravention of the ADAAA. Specifically, Plaintiff was subjected to altered terms and conditions of employment based upon his disability status.

32. As a proximate result of Defendant's discrimination, Plaintiff has suffered substantial loss of remuneration and other employment benefits.

33. As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

34. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, expenses and attorney's fees in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Disability Discrimination – NYSHRL)

35. Plaintiff repeats and realleges each and every allegation contained herein.

36. Defendant has discriminated against Plaintiff on the basis of his actual and perceived disability in violation of the New York State Human Rights Law, by denying him reasonable accommodations in contravention of the New York State Human Rights Law, terminating Plaintiff in a discriminatory manner in contravention of the New York State Human Rights Law and other actions to be determined at trial.

37. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

38. As a further and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and other incidental and consequential damages and expenses.

39. The conduct of Defendant was in conscious disregard of Plaintiff's rights.   Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
(Hostile Work Environment – ADAA)

40. Plaintiff repeats and realleges each and every allegation contained herein.

41. Defendant has discriminated against Plaintiff on the basis of basis of his actual and perceived disability in violation of the ADA Amendments Act of 2008, in that Defendant engaged in a course of conduct, as stated above, which created a hostile work environment and ultimately led to Plaintiff's termination.

6

42. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

43. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

44. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(Hostile Work Environment – NYSHRL)

45. Plaintiff repeats and realleges each and every allegation contained herein.

46. Defendant has discriminated against Plaintiff on the basis of his actual and perceived disability in violation of the New York State Human Rights Law, in that Defendant engaged in a course of conduct, as stated above, which created a hostile work environment and ultimately led to Plaintiff's termination.

47. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

48. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

49. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## VI.   DEMAND FOR A JURY TRIAL

40. Plaintiff repeats and realleges each and every allegation contained herein.

41. Plaintiff demands a trial by jury.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, as a result of the discriminatory conduct and actions of Defendant herein alleged, Plaintiff demands judgment:

    a.    On each Claim for Relief, ordering Defendant to pay Plaintiff back pay, front pay, and all benefits which would have been afforded Plaintiff but for said discrimination;

    b.    enjoining Defendant, its agents, employees, officers, and successors in interest, from engaging in the illegal and unlawful customs, policies, and practices described herein;

    c.    awarding Plaintiff compensatory and punitive damages in an amount to be determined at trial;

    d.    awarding Plaintiff the costs and disbursements this action, including reasonable attorneys' fees;

    e.    awarding Plaintiff pre and post judgment interest; and

f.      awarding Plaintiff such other and further relief as the court deems just and proper.

Dated: Bohemia, New York
       June 5, 2009

Respectfully submitted,
**ZABELL & ASSOCIATES, P.C.**

By: _____

Saul D. Zabell (SZ 2738)
Zabell & Associates, P.C.
4875 Sunrise Highway, Suite 300
Bohemia, New York 11716
Tel:    (631) 589-7242
Fax:    (631) 563-7475
szabell@laborlawsny.com

9

# EXHIBIT "A"

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To:     **Brian Cassidy**
        **P.O. Box 11685**
        **West Babylon, NY 11704**

From:   **Boston Area Office**
        **John F. Kennedy Fed Bldg**
        **Government Ctr, Room 475**
        **Boston, MA 02203**

[ ]  *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2009-00235** | **Barbara Meunier,**<br>**Sr Investigator** | **(617) 565-3207** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
**Robert L. Sanders,**
**Area Director**

MAY 1 5 2009
_____
*(Date Mailed)*

Enclosures(s)

cc:   **A&P SUPERMARKETS, INC. (WALDBAUM'S)**
      **Sheryl Martin, Sr Counsel & Vice Pres. Of**
      **Employment Law**
      **2 Paragon Drive**
      **Montvale, NJ 07646**

      **Saul D. Zabell, Esq.**

      **Zabell & Associates PC**
      **4875 Sunrise Highway,Suite 300**
      **Bohemia, NY 11716**