UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIAN CASSIDY,                                    :

                **Plaintiff,**                      :

          v.                                               :    09 Civ. 2399 (ADS)(ETB)

WALDBAUM, INC. d/b/a WALDBAUM'S,   :

                **Defendant.**                   :
------------------------------------------------------------X

## ANSWER

Defendant Waldbaum, Inc. ("defendant" or "Waldbaum's"), by its attorneys, Vedder Price P.C., hereby answers the complaint of plaintiff Brian Cassidy ("plaintiff" or "Cassidy") as follows, in the same numbered order as the paragraphs therein appear:

1. The allegations in paragraph 1 of the complaint constitute legal assertion to which no answer is required. Moreover, defendant denies any implication that plaintiff has any valid claims against it under any of the statutes mentioned in paragraph 1.

2. The allegations in paragraph 2 of the complaint constitute legal assertion to which no answer is required. To the extent that paragraph 2 contains any factual allegations, defendant denies the same.

3. The allegations in paragraph 3 of the complaint constitute legal assertion to which no answer is required. To the extent that paragraph 3 contains any factual allegations, defendant denies the same.

4. The allegations in paragraph 4 of the complaint constitute legal assertion to which no answer is required. To the extent that paragraph 4 contains any factual allegations, defendant denies the same, and denies that it committed any unlawful employment practices with respect to plaintiff.

5. The allegations in paragraph 5 of the complaint constitute legal assertion to which no answer is required. To the extent that paragraph 5 contains any factual allegations, defendant denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the complaint.

8. The allegations in paragraph 8 of the complaint constitute legal assertion to which no answer is required. However, to the extent that paragraph 8 contains any factual allegations, defendant denies the same.

9. The allegations in paragraph 9 of the complaint constitute legal assertion to which no answer is required. However, to the extent that paragraph 9 contains any factual allegations, defendant denies the same.

10. Defendant admits the allegations in paragraph 10 of the complaint.

11. The allegations in paragraph 11 of the complaint constitute legal assertion to which no answer is required. However, to the extent that paragraph 11 contains any factual allegations, defendant denies the same.

12. Defendant admits the allegations in paragraph 12 of the complaint.

13. Defendant repeats its answers to paragraphs 1 through 12 of the complaint, as though fully set forth herein, in response to paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the complaint, except agrees that plaintiff is male.

15. Defendant admits the allegations in paragraph 15 of the complaint.

16. Defendant admits the allegations in paragraph 16 of the complaint, except denies that plaintiff was responsible for returning cans (or bottles) to the recycling machines "for Waldbaum's Customer Service employees."

17. Defendant denies the allegations in paragraph 17 of the complaint.

18. Defendant denies the allegations in paragraph 18 of the complaint.

19. Defendant denies the allegations in paragraph 19 of the complaint.

20. Defendant denies the allegations in paragraph 20 of the complaint.

21. Defendant denies the allegations in paragraph 21 of the complaint.

22. Defendant denies the allegations in paragraph 22 of the complaint, except admits that John Breitenbecker and John Romanelli advised plaintiff not to retain and/or use the monetary proceeds from the redemption of cans and bottles.

23. Defendant denies the allegations in paragraph 23 of the complaint..

24. Defendant denies the allegations in paragraph 24 of the complaint.

25. Defendant denies the allegations in paragraph 25 of the complaint, except admits that, on occasion, Denise, who is not an assistant manager or a manager, joked with plaintiff, and he with her, about plaintiff's manner of speaking.

26. Defendant denies the allegations in paragraph 26 of the complaint, except admits that, in or about July 2008, Geraghty spoke to plaintiff about his having improperly retained and used the monetary proceeds from the redemption of cans and bottles, and admits that she had spoken to him about that subject previously.

27. Defendant denies the allegations in paragraph 27 of the complaint, except admits that it gave plaintiff an opportunity to resign his Waldbaum's employment in or about July 2008, and plaintiff accepted.

28. Defendant denies the allegations in paragraph 28 of the complaint.

29. Defendant repeats its answers to paragraphs 1 through 28 of the complaint, as though fully set forth herein, in response to paragraph 29.

30. Defendant denies the allegations in paragraph 30 of the complaint.

32. Defendant denies the allegations in paragraph 32 of the complaint.

33. Defendant denies the allegations in paragraph 33 of the complaint.

34. Defendant denies the allegations in paragraph 34 of the complaint.

35. Defendant repeats its answers to paragraphs 1 through 34 of the complaint, as though fully set forth herein, in response to paragraph 35.

36. Defendant denies the allegations in paragraph 36 of the complaint.

37. Defendant denies the allegations in paragraph 37 of the complaint.

38. Defendant denies the allegations in paragraph 38 of the complaint.

39. Defendant denies the allegations in paragraph 39 of the complaint.

40. Defendant repeats its answers to paragraphs 1 through 39 of the complaint, as though fully set forth herein, in response to paragraph 40.

41. Defendant denies the allegations in paragraph 41 of the complaint.

42. Defendant denies the allegations in paragraph 42 of the complaint.

43. Defendant denies the allegations in paragraph 43 of the complaint.

44. Defendant denies the allegations in paragraph 44 of the complaint.

NEWYORK/#217778.1

45. Defendant repeats its answers to paragraphs 1 through 44 of the complaint, as though fully set forth herein, in response to paragraph 45.

46. Defendant denies the allegations in paragraph 46 of the complaint.

47. Defendant denies the allegations in paragraph 47 of the complaint.

48. Defendant denies the allegations in paragraph 48 of the complaint.

49. Defendant denies the allegations in paragraph 49 of the complaint.

50. Defendant repeats its answers to paragraphs 1 through 49 of the complaint, as though fully set forth herein, in response to paragraph 49.

51. The allegations in paragraph 51 of the complaint constitute legal assertion to which no answer is required.

Defendant denies that plaintiff is entitled to any of the relief requested, and denies the factual allegations, if any, contained in his prayer for relief.

## AS AND FOR A FIRST DEFENSE

Defendant discharged plaintiff for legitimate, nondiscriminatory business reasons that were unrelated to any disability that plaintiff has.

## AS AND FOR A SECOND DEFENSE

Defendant accommodated plaintiff by being lenient, on numerous occasions, with respect to plaintiff's wrongful conduct, policy violations, and performance deficiencies.

## AS AND FOR A THIRD DEFENSE

Plaintiff never requested an accommodation of his alleged disability.

## AS AND FOR A FOURTH DEFENSE

Plaintiff cannot maintain a claim for the creation of a hostile work environment on the basis of his disability because plaintiff failed to advise defendant that he was being harassed by

any employee of defendant, despite defendant's maintenance of an anti-harassment policy containing a complaint process and remedial procedures of which plaintiff was aware.

## AS AND FOR A FIFTH DEFENSE

The alleged conduct on which plaintiff bases his claim of disability harassment was insufficiently severe or pervasive to give rise to a claim for the creation of a hostile work environment.

## AS AND FOR A SIXTH DEFENSE

The alleged conduct on which plaintiff bases his claim of disability harassment was not unwelcome.

## AS AND FOR A SEVENTH DEFENSE

On information and belief, plaintiff failed to mitigate his alleged damages.

**WHEREFORE,** defendant prays that the Court dismiss plaintiff's complaint, and award defendant its attorneys fees, costs and disbursements herein, along with such further relief as the Court deems just and proper.

Dated: August 7, 2009

> Respectfully submitted,
>
> VEDDER PRICE P.C.
>
> By: _____
> Jonathan A. Wexler (JW 5587)
> Attorneys for Defendant Waldbaum, Inc.
>
> 1633 Broadway – 47th Floor
> New York, New York 10019
> (212) 407-7700
> (212) 407-7799 (fax)
> jwexler@vedderprice.com